United States District Court
Southern District of Texas
**ENTERED**
July 14, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS FORD and LARRY JONES, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:15-CV-00664 |
| | § | |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER

Before the Court are two motions: (1) Defendant TDCJ's motion to partially dismiss Plaintiffs' first amended complaint (Dkt. 41), and (2) Plaintiffs' motion for leave to file a second amended complaint (Dkt. 43). After reviewing the briefing and the law, the Court grants the motion to partially dismiss and denies leave to file a second amended complaint.

## BACKGROUND

Plaintiffs Thomas Ford and Larry Jones are correctional officers who previously worked at TDCJ's Holliday Unit under the supervision of Senior Warden Pamela Baggett. Ford initially filed suit against TDCJ in November 2014, alleging race discrimination by Warden Baggett in violation of Title VII, 42 U.S.C. § 2000e, *et seq. See* Dkt. 1. One year later, Ford moved for leave to add Jones as a plaintiff to the suit and file a first amended complaint. *See* Dkt. 30. The Court granted the unopposed motion, which complied with the deadlines set by this Court's scheduling order. Dkt. 31.

In the first amended complaint, both Ford and Jones allege race discrimination and retaliation under 42 U.S.C. § 1981. Dkt. 30-2 at 1. Ford also repeats his Title VII allegations from the original complaint, whereas Jones makes no Title VII claim at all. *Id.*

On April 20, 2016, TDCJ filed its motion to dismiss Plaintiffs' § 1981 claims on Eleventh Amendment immunity grounds. Dkt. 41. In their response, Plaintiffs acknowledge that

TDCJ "accurately asserts that it enjoys immunity from suit for money damages for claims brought against the agency pursuant to 42 U.S.C. § 1981." Dkt. 43, ¶ 13. Plaintiffs also concede that the § 1981 claims presented in their first amended complaint suffer from fatal deficiencies as "highlighted by TDCJ in its motion to dismiss." *Id.*, ¶ 1.

In their response, Plaintiffs move for leave to file a second amended complaint to remedy their pleading deficiencies. Specifically, Plaintiffs seek to overhaul their complaint by adding a Title VII retaliation claim for Jones, naming TDCJ Executive Director Brad Livingston as a defendant, and modifying their § 1981 claims to invoke the *Ex parte Young* doctrine—thereby avoiding a complete dismissal of their non-Title VII claims.[1] TDCJ opposes this request, arguing that Plaintiffs have not shown good cause for failing to comply with the Court's scheduling order. *See* Dkt. 47.

## <u>ANALYSIS</u>

### A.  TDCJ's motion to dismiss Plaintiffs' § 1981 claims is granted.

Rule 12(c) provides that any party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. FED. R. CIV. P. 12(c). The standard for a motion to dismiss under Rule 12(c) is the same as a motion to dismiss under Rule 12(b)(6): whether the complaint, on its face, states a valid claim to relief. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

Absent state consent or congressional override, the Eleventh Amendment bars suits against a state or one of its agencies. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000). The Fifth Circuit has consistently treated TDCJ as an agency of the state of Texas

---

[1] *Ex parte Young* "created an exception to Eleventh Amendment immunity for claims for prospective relief against state officials who have been sued in their official capacities." *See Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008) (citing *Ex parte Young*, 209 U.S. 123 (1908)). By adding Director Livingston as a defendant and bringing their § 1981 claims through the procedural vehicle of 42 U.S.C. § 1983, Plaintiffs can avoid Eleventh Amendment-based dismissal of their claims for injunctive relief.

entitled to Eleventh Amendment immunity from suit. *See Harris v. Angelina Cnty.*, 31 F.3d 331, 337 n.7 (5th Cir. 1994). Although Title VII abrogated Eleventh Amendment immunity, § 1981 contains no similar congressional override. *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981).

The doctrine of *Ex parte Young* provides an exception to the blanket protection of sovereign immunity, permitting courts to grant injunctive relief against state officials "to conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337 (1979). "The essential ingredients of the *Ex parte Young* doctrine are that a suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992).

The only named defendant in this case is TDCJ itself. Plaintiffs' first amended complaint does not name an individual state official as a defendant; therefore, the *Ex parte Young* doctrine does not apply here. Plaintiffs concede that their § 1981 claims against TDCJ are barred as pleaded, and their response in opposition is entirely based upon a request to amend their pleadings to name Director Livingston as a defendant in order to invoke *Ex parte Young*.

Therefore, the Court grants TDCJ's motion to dismiss. The § 1981 claims brought by both Ford and Jones are dismissed without prejudice for lack of jurisdiction.[2]

### B. Plaintiffs' motion for leave to file a second amended complaint is denied.

The Court's scheduling order set the deadline for adding new parties as November 2, 2015, and the deadline for amending pleadings with leave of court as March 1, 2016. Dkt. 26; Dkt. 38. The jury trial in this case is scheduled to begin in September 2016. *Id.* Plaintiffs' motion

---

[2] "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

to amend by adding new claims and naming a new defendant is, therefore, tardy by several months.

To amend pleadings after the deadline set by the court's scheduling order has expired, the plaintiff must satisfy the good cause standard of Rule 16(b)(4). *S&W Enters., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). The court considers four factors when determining whether to permit an untimely amendment: (1) the explanation for failing to timely move to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure any prejudice. *Id.* Rule 16(b) "requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (internal quotations omitted).

The first and third factors weigh against Plaintiffs. In their briefs, Plaintiffs argue that they acted diligently to cure their pleading deficiency as soon as it was brought to their attention by TDCJ's motion to dismiss. Dkt. 43, ¶ 21. But Plaintiffs were on notice of TDCJ's Eleventh Amendment defense to their § 1981 claims long before TDCJ moved to dismiss—TDCJ expressly asserted this defense in its answer to the first amended complaint filed on December 1, 2015. Dkt. 33, ¶ 49. Plaintiffs emphasize that TDCJ waited several months after the filing of the first amended complaint before it moved to dismiss, arguing that this demonstrates that TDCJ was fully aware of the pleading deficiencies but waited to move for dismissal as a dilatory tactic to avoid liability. *See* Dkt. 43, ¶ 10; Dkt. 51, ¶ 1. Relatedly, although Plaintiffs seek to add entirely new causes of action less than four months before trial, Plaintiffs attempt to downplay any prejudice to TDCJ by arguing that the allegations in the first amended complaint put TDCJ on notice that "Jones had a live claim of retaliation that *could have been* pursued as a Title VII

action given that the adverse action occurred on August 10, 2015." Dkt. 51, ¶ 2 (emphasis added).

Plaintiffs' own argument highlights their lack of diligence in attempting to meet the Court's deadlines. Plaintiffs also incorrectly assume that when a defendant can infer a plaintiff's *potential* claims from a complaint, the defendant will not be prejudiced if those claims are later presented in an untimely amended complaint. Although Jones *could have* pursued a Title VII action at the time of filing the first amended complaint, he did not. Jones did not prepare and file the requisite administrative charge until April 2016—five months after the filing of the first amended complaint and eight months after the alleged retaliatory action took place. Plaintiffs emphasize the expeditious manner in which Jones pursued his right-to-sue letter once he learned of TDCJ's motion to dismiss. *See* Dkt. 43, ¶ 11. But this argument ignores the fact that Plaintiffs did not attempt to amend until five months after TDCJ first put them on notice of its immunity defense and over two months after expiration of the amended pleadings deadline. Moreover, the alleged retaliatory conduct took place on August 10, 2015, several months before the deadline to amend pleadings. Thus, all of the new factual allegations and claims presented in Plaintiffs' proposed second amended complaint could have been easily presented in a timely amended complaint. Simply put, it was Plaintiffs' own neglect and delay that prevented them from complying with the deadlines set by this Court.

The amendment is undeniably important to the survival of Plaintiff Jones's claims. In dismissing the § 1981 claims presented in the first amended complaint, the Court has dismissed all of the live claims raised by Jones. Thus, without leave to amend, Jones cannot present his Title VII claim or his claim to injunctive relief in this lawsuit.[3] The importance of the amendment, however, does not tip the scales in favor of allowing it. The discovery deadline has

---

[3] Ford's Title VII claim remains intact.

expired. The dispositive and non-dispositive motion deadline has expired. Although the Court could extend these deadlines and delay the trial, this would not make up for the additional time and expense that would result from allowing Plaintiffs to file another amended complaint—raising new claims against a new defendant—at this late stage of the proceedings.

Plaintiffs fail to show good cause under Rule 16(b)(4). Therefore, the Court denies their motion to amend pleadings.

## <u>CONCLUSION</u>

TDCJ's motion to dismiss Plaintiffs' § 1981 claims is granted, and Plaintiffs' motion for leave to amend pleadings is denied.

Signed at Houston, Texas, on July 14, 2016.


Stephen Wm Smith
United States Magistrate Judge